United States District Court
Southern District of Texas
**FILED**

AUG 24 2022

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
August 24, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| STEPHEN MCCOY, | § |
| | § |
| Plaintiff, | § |
| VS. | § |
| | §  MISC. ACTION NO. 7:09-MC-67 |
| SHARON S. MACRAE, *et al.*, | § |
| | § |
| Defendants. | § |

## REPORT AND RECOMMENDATION

Plaintiff Stephen McCoy, a state prisoner proceeding pro se, initiated this miscellaneous action seeking to file a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1-1.) Plaintiff was attempting to assert civil rights claims against Judge Sharon S. Macrae (primarily) alleging that she "deceived the grand jury [and] sent [him] to prison," which resulted in him losing his job and home. (*Id.* at 3-4.) Plaintiff also filed an "Application to Proceed In Forma Pauperis." (Docket No. 1.) However, other than filing his initial pleading, Plaintiff took no further action in this case. As such, the Court ordered Plaintiff to "update his address with the Clerk" and to "inform the Court whether he still intends to pursue this action." (Docket No. 2.) Plaintiff did not respond to the order, which was returned as undeliverable.

As discussed below, Plaintiff has failed to prosecute this action, including failing to keep the Clerk advised of his current address. Accordingly, the undersigned recommends that this action be dismissed.

## I. BACKGROUND

Plaintiff initiated this action seeking to assert various civil rights claims pursuant to 42 U.S.C. § 1983.[1] (Docket No. 1-1.) However, because Plaintiff did not pay the required filing fee, it was opened as a miscellaneous action. Plaintiff alleges that "Judge Sharon S. Macrae knew [he] was innocent yet sent [him] to prison" anyway. (*Id.* at 4.) As a result, he lost his "job, home [and] worldly possessions, stimulus check, 4 years income [and] income taxes, [his] freedom, sanity [and] more." (*Id.*) As relief Plaintiff seeks "restitution for damages [and] lost wages." (*Id.*) As noted, Plaintiff also filed an application to proceed in forma pauperis along with a summary of his inmate trust fund account. (Docket No. 1.) However, other than filing his initial pleading, Plaintiff took no further action in this case.

In addition, it has come to the Court's attention that he is no longer in custody. As such, the undersigned ordered Plaintiff to "update his address with the Clerk" and also to "inform the Court whether he still intends to pursue this action." (Docket No. 2.) Plaintiff was also informed that he must "keep the Clerk advised in writing of his current address and to file promptly a change of address when necessary." (*Id.*) Plaintiff was further warned that "[f]ailure to do so may be interpreted as failure to prosecute and may result in the dismissal of this case." (*Id.* (emphasis in original).) Plaintiff failed to respond to the order. In fact, this order was returned as "undeliverable," suggesting that Plaintiff did not keep the Clerk informed of his current address subsequent to filing this civil rights action. (Docket Nos. 3-5.) Plaintiff has taken no further action in this case, nor has he had any contact with the Court since the Court's order was returned as undeliverable.

## II. ANALYSIS

---

[1] Plaintiff apparently filed an "identical" one in the Pecos Division of the Western District of Texas," which was dismissed as "frivolous." (*See McCoy v. Macrae*, 4:10-CV-23, Docket Nos. 1, 3.)

2

Plaintiff's claims are subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Plaintiff has failed to comply with the relevant rules and to prosecute this action.

As a general rule, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). This requirement is memorialized in the Southern District of Texas Local Rules, which provide that "[a] lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address." LR 83.4.

Plaintiff has failed to provide an updated address to the Clerk as required by Local Rule 83.4. As described above, the last court document sent to Plaintiff was returned as undeliverable. (Docket Nos. 3-5.) Additionally, Plaintiff has failed to comply with the Court's order that he "inform the Court whether he still intends to pursue this civil action." (Docket No. 2.)

In short, Plaintiff has failed to prosecute this action. Because Plaintiff failed to provide an updated address in compliance with Local Rule 83.4 and failed to respond to the Court's order, this case should be dismissed for failure to prosecute. *Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (affirming District Court's dismissal of a § 2241 habeas action where the petitioner

3

failed to pay the $5 filing fee and failed to comply with the court's orders); *see also Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (stating that "the failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute"); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se litigants to keep court apprised of their correct address); *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (explaining that a district court may dismiss an action sua sponte for failure to prosecute); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action sua sponte for failure to comply with court orders). No less drastic sanction is available here, given that the last court document was returned as undeliverable and the Court thus cannot communicate with Plaintiff.[2] *See Carey*, 856 F.2d at 1441 (dismissal without prejudice was the least drastic sanction where any attempt to provide further notice would be "a futile gesture" given pro se litigant's failure to provide a change of address).

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that this miscellaneous action be DISMISSED for failure to prosecute.

### NOTICE

The Clerk shall send copies of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on

---

[2] A copy of this Report will be sent to Plaintiff at the last address he provided. Should Plaintiff respond to the Report by complying with the prior order (Docket No. 2), the District Court may then wish to consider whether less drastic sanctions might be appropriate.

4

an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on August 24, 2022.

_____
Nadia S. Medrano
UNITED STATES MAGISTRATE JUDGE